**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**Danesha McLean,**

    **Plaintiff,**

      **v.**                                           **Case No.:**

**RecSol Recovery Solutions, LLC,**

    **Defendant.**

                                               /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **Danesha McLean**, ("Plaintiff"), by and through the undersigned counsel, hereby files this complaint against Defendant, **RecSol Recovery Solutions, LLC,** ("Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and for declaratory relief, for violations of the Americans with Disabilities Act of 1990, as amended ("ADA", 42 U.S.C. §12101 *et seq.*) and the Florida Civil Rights Act ("FCRA," Fla. Stat. §760.01 *et seq.*).

2. This Court has original jurisdiction over Plaintiff's ADA claims under 28 U.S.C. § 1331 and 42 U.S.C. § 12117(a). This Court has supplemental jurisdiction over Plaintiff's FCRA claims under 28 U.S.C. § 1367 because they arise from the same nucleus of operative facts as Plaintiff's ADA claims.

3. Venue is proper in the Middle District of Florida, because the events giving rise to this claim arose in DeSoto County, which lies within the Middle District of Florida.

## PARTIES

4. At all times relevant, Plaintiff was a resident of Highlands County, Florida.

5.      Defendant RecSol Recovery Solutions, LLC is an employer doing business in Florida, including at the Florida Civil Commitment Center in Arcadia, DeSoto County, Florida

## GENERAL ALLEGATIONS

6.      Plaintiff has satisfied all conditions precedent.

7.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8.      Plaintiff requests a jury trial for all issues so triable.

9.      At all times material to this action, Defendant employed at least fifteen employees and was an "employer" within the meaning of the ADA and FCRA

10.      Defendant continues to be an "employer" within the meaning of the ADA and the FCRA.

11.      At all times material hereto, Plaintiff was a protected employee under the ADA and the FCRA.

12.      At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights.

## FACTS

13.      Plaintiff was employed by Defendant as a Licensed Practical Nurse ("LPN") from on or around September 16, 2019, until her unlawful termination on or around July 9, 2025.

14.      Prior to that, Plaintiff was employed by Defendant at various times since September 2016 as a Therapeutic Security Technician and Licensed Practical Nurse.

15.      Plaintiff's LPN duties included administering medication, responding to medical emergencies, following physician orders, and communicating with the pharmacy.

16.      During her tenure, Plaintiff was qualified for her position and could perform its essential functions with or without accommodation.

17.    At all times relevant, Plaintiff had a qualified disability and/or was perceived as disabled by Defendant.

18.    On or around March 20, 2025, Plaintiff suffered a slip-and-fall injury outside of work. The injury caused a physical impairment that limited her ability to work extended shifts and substantially limited one or more of her major life activities, including working.

19.    Plaintiff disclosed her disability to Defendant and provided medical documentation outlining work restrictions related to her condition.

20.    Defendant knew of Plaintiff's impairment and medical restrictions.  Plaintiff provided Defendant with physician documentation restricting her to eight-hour shifts, including restrictions issued on or about March 20, April 15, May 13, and July 8, 2025.

21.    Plaintiff requested reasonable accommodations in the workplace related to her disability.

22.    The requested eight-hour shift limitation was reasonable.  It enabled Plaintiff to perform the essential functions of her LPN position, including administering medication, responding to medical events, following physician orders, and communicating with the pharmacy.

23.    The requested limitation did not require Defendant to eliminate an essential function of Plaintiff's position.  Plaintiff remained able and willing to perform the essential functions of her LPN position with the requested accommodation.

24.    Although Defendant ultimately granted Plaintiff's accommodation request, Defendant's Director of Nursing ("DON") became upset that Plaintiff could no longer work sixteen-hour shifts due to her medical restrictions.

25.    Following Plaintiff's disclosure and accommodation request, the DON and Defendant subjected Plaintiff to heightened scrutiny and disparate treatment.

26. Following Plaintiff's engagement in protected activity, the DON engaged in hostile and retaliatory conduct toward Plaintiff because of her disability and protected activity.

27. Defendant disciplined Plaintiff for alleged tardiness or medication-pass issues even when Plaintiff had an explanation, while permitting non-disabled coworkers to arrive late or pass medications late without the same discipline.

28. Plaintiff complained to Defendant about the DON's disability-based disparate treatment, heightened scrutiny, and hostile conduct. Plaintiff reasonable and in good faith believed the conduct she reported violated the ADA and FCRA.

29. Defendant knew of Plaintiff's accommodation request and her complaints of disability discrimination before terminating her employment.

30. Rather than investigate and correct the discriminatory and retaliatory conduct, Defendant failed to take remedial action.

31. Plaintiff had no documented history of performance deficiencies or disciplinary issues during nearly six years of employment with Defendant.

32. On or around July 9, 2025, Defendant abruptly terminated Plaintiff's employment.

33. Defendant terminated Plaintiff's employment shortly after her request for accommodation.

34. Defendant failed to provide a legitimate, documented justification for Plaintiff's termination.

35. Plaintiff's termination followed closely after her disability disclosure, submission of medical restrictions, request for an eight-hour shift accommodation, and complaints of disability discrimination and disparate treatment.

36. Defendant's termination of Plaintiff was a materially adverse employment action.

37.    Plaintiff had no prior warnings or performance issues, and it is clear that Defendant targeted her due to her disabilities and retaliated against her due to her protected activity under the ADA and FCRA.

38.    The timing and circumstances of the termination, including the change in treatment after Plaintiff sought accommodation and complained about discrimination, support the reasonable inference that Defendant terminated Plaintiff because of her disability and in retaliation to her protected activity.

39.    Defendant's stated reason for termination, if any, was not the true reason for Plaintiff's discharge.  Defendant's asserted rationale was a pretext for disability discrimination and retaliation.

40.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered lost wages and benefits, emotional distress, and other damages.  Plaintiff continues to suffer damages.

41.    Defendant's actions were willful and done with a reckless disregard for Plaintiff's rights under the ADA and the FCRA.

### COUNT I – FCRA VIOLATION (DISABILITY DISCRIMINATION)

42.    Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43.    Plaintiff is a member of a protected class under the FCRA due to her disability.

44.    Plaintiff was subjected to disparate treatment due to her disability.

45.    Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

46.    Plaintiff was injured due to Defendant's willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

  (a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

  (b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

  (c) Award back pay to Plaintiff plus interest and all benefits;

  (d) Award reasonable attorney's fees and costs to Plaintiff; and

  (e) Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT II – FCRA RETALIATION

47. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 41 of this Complaint as though fully set forth herein.

48. Plaintiff is a member of a protected class under the FCRA due to her disability.

49. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

50. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

51. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

  (f) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(g)    Enjoin and permanently restrain Defendant from further violations of the

FCRA;

(h)    Award back pay to Plaintiff plus interest and all benefits;

(i)    Award reasonable attorney's fees and costs to Plaintiff; and

(j)    Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT III —ADA VIOLATION
### (DISCRIMINATION)

52.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 41 of this Complaint as though fully set forth herein.

53.    Plaintiff is a member of a protected class under the ADA due to her disability.

54.    Plaintiff was subjected to disparate treatment due to her disability.

55.    Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

56.    Defendant's actions were willful and done with malice.

57.    Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## COUNT IV — ADA RETALIATION

58.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 41 of this Complaint, as though fully set forth herein.

59.    Plaintiff is a member of a protected class under the ADA because of her disability.

60.    Plaintiff exercised or attempted to exercise her rights under the ADA, thereby engaging in protected activity under the ADA.

61.    Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating her employment.

62.    Defendant has taken material adverse action against Plaintiff.

63.    Defendant's actions were willful and done with malice.

64.    Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

(d) Compensation for lost wages, benefits, and other remuneration;

(e)  Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

(f)  Front pay;

(g)  Any other compensatory damages, including emotional distress, allowable at law;

(h)  Punitive damages;

(i)  Prejudgment interest on all monetary recovery obtained.

(j)  All costs and attorney's fees incurred in prosecuting these claims; and

(k)  For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this 30th of July 2026.

Respectfully submitted,

*/s/ Chad A. Justice*
**CHAD A. JUSTICE**
Florida Bar Number: 121559
SAMUEL DOXSEE
Florida Bar Number: 127318
**JUSTICE LITIGATION ASSOCIATES, PLLC**
1205 N Franklin St., Suite 326
Tampa, Florida 33602
Direct No. 813-566-0550
Facsimile: 813-566-0770
E-mail: sam@justicelitigation.law
E-mail: chad@justicelitigation.law
**Attorneys for Plaintiff**